UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | ED CV 19-2202 PA (SPx) |
| Date | November 25, 2019 |
| Title | Joanne Astle v. Mercedes-Benz USA, LLC |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:
None  None

**Proceedings:** IN CHAMBERS - COURT ORDER

On November 15, 2019, defendant Mercedes-Benz USA, LLC ("MBUSA") filed a Notice of Removal asserting that this Court has jurisdiction over the action brought against it by plaintiff Joanne Astle ("Plaintiff") on the basis of diversity jurisdiction. See 28 U.S.C. § 1332. The Notice of Removal alleges that Plaintiff is a citizen of California and that MBUSA is a citizen of Delaware and Michigan. Plaintiff filed a First Amended Complaint ("1st AC") on November 22, 2019, which adds Hoehn Motors, Inc. ("Hoehn") as a defendant. The 1st AC alleges that Hoehn is a California corporation.

Except within 21 days of either serving a pleading or being served with a responsive pleading, a plaintiff may amend the complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because this action was removed based on diversity jurisdiction, Plaintiff's Motion to Amend is governed by 28 U.S.C. § 1447(e), which states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e); see also Buttons v. NBC, Inc., 858 F. Supp. 1025, 1027 (C.D. Cal. 1994) (holding that 28 U.S.C. § 1447(e) applies to diversity-destroying motions to amend filed after removal). "Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." Walsh v. Home Depot U.S.A., Inc., No. C-06-4207 SC, 2006 WL 2884411, at *2 (N.D. Cal. Oct. 10, 2006) (citing H.R. Rep. No. 889, 100th Cong., 2d Sess. 72-73, reprinted in 1988 U.S.C.C.A.N. 6033). The statute vests the district court with substantial discretion in determining whether joinder is appropriate. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); see also Stevens v. Brinks Home Sec., Inc., 378 F.3d 944,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | ED CV 19-2202 PA (SPx) | Date | November 25, 2019 |
|---|---|---|---|
| Title | Joanne Astle v. Mercedes-Benz USA, LLC | | |

948 (9th Cir. 2004) (holding that "the district court's order permitting the plaintiffs to amend the complaint to add non-diverse defendants . . . is not a final order reviewable on appeal under 28 U.S.C. § 1291; nor is it reviewable as a collateral order. The district court's remand order, issued pursuant to 28 U.S.C. § 1447(e) is barred from appellate review by 28 U.S.C. § 1447(d).").

In evaluating whether to permit or deny diversity-destroying joinder, the district court may consider: (1) whether the party could be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude the plaintiffs from bringing an action against the new defendants in state court; (3) whether there has been an unexplained delay in seeking joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) the merits of the claims against the new defendants; and (6) the potential for prejudice. See IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviacion, S.A., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (collecting cases); see also Newcombe, 157 F.3d at 691 (holding that evaluation of joinder under § 1447(e) requires the district court to "balance the equities" and consider the potential for prejudice to both parties).

The Court concludes that, given the early stage of the proceedings, the lack of prejudice to defendants, the absence of delay in seeking to add Hoehn as a defendant, and the potential viability of the claim against Hoehn, the balance of equities favors granting Plaintiff leave to amend at this stage of the litigation. Because the parties named in the 1st AC are not diverse, the Court remands this action to Riverside Superior Court, Palm Springs Branch, Case No. PSC1906842, for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c) & (e).

IT IS SO ORDERED.